~~[redacted]~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

IN RE DORAL FINANCIAL CORPORATION
SECURITIES LITIGATION

This Document Relates to ALL ACTIONS, including:

Consolidated Class Action Complaint (05-md-1706; 05-cv-4014; 05-cv-4026; 05-cv-4074; 05-cv-4077; 05-cv-4087; 05-cv-4098; 05-cv-4113; 05-cv-4141; 05-cv-4233; 05-cv-4250; 05-cv-4294; 05-cv-4413; 05-cv-4973; 05-cv-5212; 05-cv-5213; 05-cv-9298; 05-cv-9299; 05-cv-5565);

Gavov v. Levis, 05-cv-5248;

Freeborn v. Levis, 05-cv-5250;

Rosenbaum Capital, LLC v. Levis, 05-cv-5486;

Corwin v. Levis, 06-cv-7711;

Fox v. Levis, 07-cv-3252; and

Jordan v. Doral Financial Corp, 05-cv-8882.

------------------------------------------------------------------ X

05 MD 1706 (RO)

~~[redacted]~~
**PRELIMINARY APPROVAL ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/07

OWEN, D.J.,

WHEREAS:

A. The Parties have entered into a Settlement of the claims asserted against the Settling Defendants in the Class Action and the Derivative Actions. The terms of the Settlement are set forth in a Stipulation and Agreement of Partial Settlement, dated April 27, 2007 (the "Stipulation");

B. The Parties have moved, pursuant to Rules 23(e) ("Rule 23") and 23.1 ("Rule 23.1") of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement, providing notice of the proposed Settlement to members of the Class and Shareholders in accordance with the Stipulation, and setting a Fairness Hearing (the "Preliminary Approval Order");

C. The Stipulation provides for the conditional eertification of the Class solely for purposes of the Settlement; and

D. The Court having read and considered the Stipulation and the exhibits annexed thereto, the proposed Notice of Pendency and Proposed Partial Settlement of Class Action and Derivative Actions (the "Notice"), the proposed Summary Notice of Proposed Partial Settlement of Class Action and Derivative Actions (the "Summary Notice"), the proposed form of Proof of Claim and Release, and the proposed Judgment Dismissing Claims Against the Settling Defendants, and finding that substantial and sufficient grounds exist for entering this Order;

IT IS HEREBY ORDERED:

1. For purposes of this Order, except where stated otherwise, all capitalized terms are as defined in the Stipulation.

**Fairness Hearing**

2.  Absent further Order by the Court, the Fairness Hearing shall be held on July 16, 2007 at 2:30, p.m., before the Honorable Richard Owen, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 2240, New York, New York 10007-1312, to determine (a) whether the Settlement should be approved as fair, reasonable and adequate to the Class Members and the Shareholders; (b) whether the Plan of Allocation is fair, reasonable and adequate and should be approved; (c) if necessary, any calculations provided for in paragraph 14 of the Stipulation; (d) whether to approve Lead Counsel's and Lead Derivative Counsel's applications, if any, for an award of attorneys' fees and payment of costs and expenses; and (e) whether a Judgment Dismissing Claims Against The Settling Defendants substantially in the form annexed hereto as Exhibit 4 (also annexed to the Stipulation as Exhibit E), should be entered, *inter alia*, dismissing with prejudice the Released Claims of Lead Plaintiff, the Named Plaintiffs, all Class Members, Lead Derivative Plaintiff, and all Shareholders against the Defendant Released Parties;

3.  Papers in support of the Settlement, the proposed Plan of Allocation submitted to the Court for approval, and Lead Counsel's and Lead Derivative Counsel's applications, if any, for attorneys' fees and payment of expenses, shall be submitted on or before five (5) business days before the Fairness Hearing.

**Preliminary Class Certification for Settlement Purposes**

4.  Solely for purposes of the Stipulation and the Settlement, the Court now finds and concludes that:

2

(a) With respect to all Released Claims pertaining to the Class Action, (1) the Class is ascertainable from records kept by brokerage firms, and other objective criteria, and the members of the Class are so numerous that joinder of all members of the Class is impracticable; (2) there are questions of law and fact common to the Class; (3) the claims of the Lead Plaintiff and Named Plaintiffs are typical of the claims of the Class; and (4) in negotiating and entering into the Stipulation, the Lead Plaintiff, Named Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all members of the Class in that (i) the interests of Lead Plaintiff and Named Plaintiffs and the nature of their alleged claims are consistent with those of the other members of the Class, (ii) there appear to be no conflicts between or among the Lead Plaintiff and Named Plaintiffs and the Class, (iii) the Lead Plaintiff and Named Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Class Action, and (iv) the Lead Plaintiff, the Named Plaintiffs, and the Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated securities fraud class actions; and

(b) With respect to all Released Claims pertaining to the Class Action, (1) the questions of law and fact that are common to the Class predominate over any individual questions; and (2) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the members of the Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Class Action.

5. Solely for purposes of the Stipulation and the Settlement, the Class is hereby preliminarily certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure in accordance with the following definition as set forth in the Stipulation: "Class" means all Persons who purchased or otherwise acquired Doral securities from March 15, 2000, through August 15, 2006, inclusive, excluding Doral, the Individual Defendants, any immediate family member of the Individual Defendants, any entity in which any Individual Defendant has or had a controlling interest, any other defendant in the Class Action or any entity which, at any time during the Class Period, was a parent or subsidiary of, or which was controlled by, such defendant, and the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of such defendants. The Class includes Persons who acquired shares of Doral stock by any method, including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, if any, Persons who acquired debt securities of Doral in the secondary market or pursuant to a registration statement, and Persons who beneficially acquired securities of Doral not held in such persons' names, and who were injured thereby.

6. Solely for purposes of the Stipulation and the Settlement, the Lead Plaintiff and Named Plaintiffs are hereby certified as the class representatives pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**Preliminary Approval of Settlement**

7. The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, reasonable and adequate, pending the Fairness Hearing.

**Notice**

8.      The Court approves, as to form and content, (i) the Notice, annexed hereto as Exhibit 1 (also annexed to the Stipulation as Exhibit B), (ii) the Summary Notice, annexed hereto as Exhibit 2 (also annexed to the Stipulation as Exhibit C), and (iii) the Proof of Claim and Release form, annexed hereto as Exhibit 3 (also annexed to the Stipulation as Exhibit D).

9.      The Court finds that the procedures established for publication, mailing and distribution of such Notice and Summary Notice substantially in the manner and form set forth in paragraph 10 of this Preliminary Approval Order meet the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

10.     Lead Plaintiff and Lead Derivative Plaintiff shall cause notice of the proposed Settlement, the Fairness Hearing, the proposed Plan of Allocation, and Lead Counsel's and Lead Derivative Counsel's applications, if any, for an award of attorneys' fees and payment of expenses, to be provided to members of the Class and the Shareholders as follows:

  a.    Commencing on or before fourteen (14) days after entry of this Order (the "Notice Date"), a copy of the Notice, substantially in the form annexed hereto as Exhibit 1, together with a copy of the Proof of Claim and Release form, substantially in the form annexed hereto as Exhibit 3 (also annexed to the Stipulation as Exhibit D), shall be mailed by first class mail, postage prepaid, to the last known address of each member of the Class who Lead Counsel can identify with reasonable effort. Doral shall, at its own expense, promptly provide transfer records for the relevant time periods to the Claims Administrator in a form acceptable to the Claims Administrator.

5

b. On or before twenty-one (21) days after entry of this Order, a Summary Notice substantially in the form annexed hereto as Exhibit 2 shall be published once in the national edition of the *Wall Street Journal* and once in a prominent newspaper in Puerto Rico.

c. On or before ten (10) business days after entry of this Order, the Notice, Summary Notice, and Proof of Claim and Release Form shall further be placed on a web site maintained by the Administrator, as approved by the Court below, at www.gilardi.com.

11. To effectuate the provision of notice, the collection, analysis and determination of Proofs of Claim submitted in accordance with the terms of the Notice and Summary Notice, and other actions required by this Order, the Court hereby approves the selection of Gilardi & Co. LLC to serve as the Administrator. Subject to review by the Court, Lead Counsel may retain the Administrator and may pay the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement out of the Notice and Administration Fund without further order of the Court. Without further order of the Court, the Administrator may assist with various tasks, including, without limitation: (i) mailing or arranging for the mailing of the Notice and the Proof of Claim and Release form to members of the Class; (ii) arranging for publication of the Summary Notice; (iii) arranging for and staffing a toll-free telephone number to assist Lead Counsel in responding to inquiries from members of the Class; (iv) answering written inquiries from members of the Class and/or forwarding such inquiries to Lead Counsel or their designee; (v) providing additional copies of the Notice and/or the Proof of Claim and Release form upon request to members of the Class; (vi) receiving and maintaining any request for exclusion from a member of the Class; (vii) preparing, receiving and processing Proof of Claim forms returned by Class Members; and (viii) otherwise assisting Lead Counsel with administration and implementation of the Settlement.

12. To further effectuate the administration and implementation of the Settlement, the Administrator shall lease and maintain a post office box of adequate size for the return of Proofs of Claim and requests for exclusion. The Notice and Summary Notice shall designate said post office box as the return address for the purposes designated therein. The Administrator shall be responsible for the receipt of all responses from members of the Class and, until further order of the Court, shall preserve all entries of appearance, Proofs of Claim, requests for exclusion from the Class, and all other written communications from members of the Class, nominees or any other Person in response to the Mailed Notice and/or Summary Notice. The costs of notification of the Settlement to members of the Class, including printing, mailing and publication of all required notices, shall be paid out of the Notice and Administration Fund.

13. On or before seven (7) days before the Fairness Hearing, Lead Counsel shall file with the Court and serve on Counsel for Doral affidavits or declarations of the Person or Persons under whose general direction the mailing of the Notice and the publications of the Summary Notice shall have been made, showing that such mailing and publications have been made in accordance with this Order.

14. Brokerage firms, banks, institutions, investment funds, investment companies, investment advisers, investment portfolios, mutual fund trusts, mutual investment funds, investment managers and any other Persons who are or claim to be nominees that purchased or otherwise acquired Doral securities during the Class Period for or on behalf of beneficial owners, which beneficial owners are thereby members of the Class, shall, within ten (10) business days of receiving the Notice, either (1) provide the Administrator with the name and last known address of each Person or organization for whom or for which such brokerage firm, bank, institution, investment fund, investment company, investment adviser, investment portfolio,

mutual fund trust, mutual investment fund, investment manager, or other nominee purchased or otherwise acquired such shares during the Class Period, such beneficial owners' title/registration, street address, and city/state/zip, in which event the Administrator shall promptly mail the Notice and the Proof of Claim and Release form to such beneficial owners, or (2) request from the Administrator additional copies of the Notice package (which will be provided free of charge) and within seven (7) days mail the Notice package form directly to the beneficial owners of the Doral securities. If a brokerage firm, bank, institution, investment fund, investment company, investment adviser, investment portfolio, mutual fund trust, mutual investment fund, investment manager, or other nominee chooses to follow alternative procedure (2), such Person shall send a statement to the Administrator confirming that the mailing was made as directed.

**Exclusion from the Class**

15. Any members of the Class who wish to exclude themselves from the Class must do so in accordance with the instructions contained in the Notice and the Summary Notice, including providing all applicable requested information. Any requests for exclusion must be postmarked, or delivered by hand, to the Administrator on or before twenty-one (21) days before the Fairness Hearing. Within three (3) business days of receipt by the Administrator of any request for exclusion, copies of all such forms shall be provided to Lead Counsel and Counsel for Doral.

16. Unless otherwise ordered by the Court, all Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice and the Summary Notice shall be subject to and bound by the Settlement and the provisions of the Stipulation, the releases contained therein, the Judgment with respect to all Released Claims, and all proceedings, orders and

judgments in the Class Action, even if such Persons have pending, or subsequently initiate, litigation, arbitration, or any other action against any or all of the Settling Defendants and/or the Defendant Released Parties relating to the Released Claims, and regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Net Settlement Fund.

**Right To Be Heard At Fairness Hearing**

17.    Any Class Member may appear and show cause (if he, she or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable and adequate; (b) approve the Plan of Allocation, if Lead Plaintiff has filed one with the Court upon notice to the Class, as fair, reasonable and adequate; (c) approve Lead Counsel's application, if any, for an award of attorneys' fees and payment of costs and expenses; or (d) enter the Judgment Dismissing Claims Against The Settling Defendants substantially in the form annexed hereto as Exhibit 4, and any Shareholder may appear and show cause (if he, she or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable and adequate; (b) approve Lead Derivative Counsel's application, if any, for an award of attorneys' fees and payment of costs and expenses; or (c) enter the Judgment Dismissing Claims Against The Settling Defendants substantially in the form annexed hereto as Exhibit 4; *provided*, however, that no Person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless on or before twenty-one (21) days prior to the Fairness Hearing that Person has served by hand, or by first class mail postmarked by such date, on Lead Counsel, Lead Derivative Counsel, and Counsel for Doral, written notice of his, her or its intention to appear, setting forth briefly each objection and the basis therefor, together with copies of any papers and briefs in support of said objections and proof of membership in the

9

Class and/or standing as a Shareholder (including proof of all purchases, acquisitions, sales and dispositions of Doral securities made by or on behalf of such member of the Class during the Class Period) upon:

<table>
<tr><td>

Samuel H. Rudman, Esq.
Russell J. Gunyan, Esq.
Mark S. Reich, Esq.
LERACH COUGHLIN
STOIA GELLER RUDMAN
& ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY 11747

</td><td>

Patrick J. Coughlin, Esq.
Ellen Gusikoff Stewart, Esq.
LERACH COUGHLIN
STOIA GELLER RUDMAN
& ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

</td></tr>
</table>

### Counsel for Lead Plaintiff

William B. Federman, Esq.
FEDERMAN & SHERWOOD
120 N. Robinson Avenue
Suite 2720
Oklahoma City, Oklahoma 73102

### Counsel for Lead Derivative Plaintiff

<table>
<tr><td>

Matthew D. Slater, Esq.
CLEARY GOTTLIEB
STEEN & HAMILTON, LLP
2000 Pennsylvania Ave., N.W.
Washington, D.C. 20006

</td><td>

Breon S. Peace, Esq.
CLEARY GOTTLIEB
STEEN & HAMILTON, LLP
One Liberty Plaza
New York, New York 10006

</td></tr>
</table>

### Counsel for Doral

and has filed at least twenty-one (21) days prior to the Fairness Hearing said objections, papers and briefs, showing due proof of such service upon all counsel identified above, with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

18. Any member of the Class or Shareholder who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the foregoing matters, including the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment Dismissing Claims Against The Settling Defendants to be entered approving the Settlement, any Plan of Allocation by then filed with the Court upon notice to the Class, or Lead Counsel's or Lead Derivative Counsel's applications, if any, for an award of attorneys' fees and payment of expenses.

19. Concerning the calculation provided for in paragraph 14 of the Stipulation, if no agreement can be reached through the mediation process as set forth in paragraph 15 of the Stipulation, Lead Counsel and Counsel for Doral shall submit their respective position papers to the Court, and are hereby authorized to file such papers and any exhibits as necessary under seal.

20. The Court may adjourn or continue the Fairness Hearing or any adjournment or continuance thereof without any further notice, other than an announcement at the Fairness Hearing or any adjournment or continuance thereof, and may approve the Stipulation with or without modification and without further notice to Class Members or Shareholders. The Court further reserves the right to enter the Judgment Dismissing Claims Against The Settling Defendants, *inter alia*, dismissing the Class Action and Derivative Actions with prejudice as to the Settling Defendants and any order on the Plan of Allocation or attorneys' fees and expenses, at or after the Fairness Hearing and without further notice to the Class or the Shareholders.

**Claims Process**

21. In order to participate in the distribution of the Net Settlement Fund, a Class Member must timely submit a separate Proof of Claim, signed and subject to penalties of perjury, substantially in the form annexed as Exhibit 3 hereto and supported by proof of all

11

purchases or acquisitions and sales of Doral securities during the Class Period. To be valid and accepted, a Proof of Claim must be postmarked on or before 90 days after the Notice Date, and must be sent to:

*Doral Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

22. Any Class Member who does not timely submit a valid Proof of Claim shall not be entitled to share in the Net Settlement Fund, except as specifically ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Released Claims against any of the Defendant Released Parties.

23. Once the Administrator has considered a timely submitted Proof of Claim, Lead Counsel, through the Administrator, shall determine, based upon the Plan of Allocation as approved by the Court, whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Administrator shall send a deficiency letter or a rejection letter, as appropriate, describing the bases on which the claim was so determined. Each Class Member who receives a deficiency letter or rejection letter shall have 30 days from the date of such letter to supply to the Administrator documentation and/or an explanation sufficient to remedy the deficiency or rejection. Any Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have such claim deemed finally rejected, and Lead Counsel, through the Administrator, shall send a letter to such Class Member notifying such Class Member that such Class Member's claim has been deemed finally rejected and that such Class Member may move the Court with respect to such finally rejected claim.

24. If a Class Member timely responds to a deficiency letter or rejection letter by providing an explanation and/or documentation in response to such a deficiency letter or rejection letter, Lead Counsel, through the Administrator, shall determine whether such explanation and/or documentation is sufficient to remedy the deficiency or reason for rejection. If Lead Counsel, through the Administrator, determines that the explanation and/or documentation submitted in response to the deficiency letter or the rejection letter is sufficient, such claim shall be deemed a valid claim. If, on the other hand, Lead Counsel, through the Administrator, determines that the explanation and/or documentation is not sufficient to remedy the deficiency or reason for rejection, such claim shall be deemed finally rejected, and Lead Counsel, through the Administrator, shall send a letter to such Class Member notifying such Class Member that such Class Member's claim has been deemed finally rejected and that such Class Member may move the Court with respect to such finally rejected claim.

25. There shall be no distribution of any of the Net Settlement Fund Amounts to any Class Member until a Plan of Allocation and an award of attorneys' fees and reimbursement of expenses are finally approved and affirmed on appeal or certiorari or are no longer subject to review by appeal or certiorari and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

26. Neither the Settling Defendants nor their counsel shall have any responsibility for any Plan of Allocation or any application by Lead Counsel for fees and expenses, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27. The Plan of Allocation proposed by Lead Plaintiff is not a part of the Stipulation and will be considered by the Court separately from the Court's consideration of the fairness,

reasonableness and adequacy of the Settlement. The Plan of Allocation is not a necessary term of the Stipulation and it is not a condition of the Stipulation that any particular Plan of Allocation be approved. Any decision by the Court concerning the Plan of Allocation shall not affect the validity, enforceability or finality of the Stipulation and Settlement, and any modification of the Plan of Allocation by the Court shall not provide any of the Parties with the right to terminate the Settlement or impose an obligation on the Settling Defendants to increase the consideration paid in connection with the Settlement. Any order or proceedings relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the effectiveness or finality of the Judgment or the release of the Released Claims.

28. Neither the Settling Defendants nor the other Defendant Released Parties nor their counsel shall have any responsibility for, interest in or liability whatsoever to any Person, including, without limitation, to any Class Members, the Class, the Plaintiffs, the Shareholders, Lead Counsel, or Lead Derivative Counsel, with respect to the Settlement Fund (except to the extent that the Settling Defendants shall retain their respective interests in the Settlement Amount in the event the Effective Date does not occur as provided in the Stipulation), any investment or distribution of the Settlement Fund, the proposed or actual Plan of Allocation, the determination, administration or calculation of claims, final awards and supervision and distribution of the Settlement Fund as set forth in the Stipulation or any application for attorneys' fees and reimbursement of expenses, the payment or withholding of taxes or any losses incurred in connection with any such matters, and any Person, including, without limitation, the Class Members, the Class, the Plaintiffs, the Shareholders, Lead Counsel, or Lead Derivative Counsel, shall have no Claims against the Defendant Released Parties or their counsel in connection

therewith. The Defendant Released Parties shall have no responsibility for and no liability whatsoever with respect to the Settlement Amounts after the Settlement Amounts have been fully paid as set forth in the Stipulation. In no event will the Settling Defendants be responsible for payment of any amount except the portion of the Settlement Amounts that each agreed to pay in the Stipulation.

**Additional Provisions**

29. All Class Members shall be bound by all determinations and judgments in the Class Action, and all Shareholders shall be bound by all determinations and judgments in the Lead Derivative Action, concerning the Stipulation and the Settlement, including, but not limited to, the terms of the Judgment to be entered and the releases provided for therein, whether favorable or unfavorable to the Class or Shareholders.

30. Any Class Members may enter an appearance in the Class Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel. Any Shareholders may enter an appearance in the Lead Derivative Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Derivative Counsel.

31. The Administrator is authorized and directed to prepare any tax returns required to be filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the Settlement Fund.

32. Pending the Effective Date or cancellation, failure or termination of the Settlement, pursuant to paragraphs 30 and 31 of the Stipulation, (a) no member of the Class and no Shareholder shall commence, prosecute, pursue or litigate any Released Claim against the

Defendant Released Parties, whether directly, representatively or in any other capacity, and regardless of whether or not any such member of the Class has appeared in the Class Action or such Shareholder has appeared in the Derivative Actions; (b) no Non-Settling Defendant shall commence, prosecute, pursue or litigate any action or Claim for contractual or other indemnity or contribution against any Defendant Released Party, based upon the Released Claims, whether as claims, cross-claims, counterclaims or third-party claims, whether asserted in the Complaint in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere; and (c) no Defendant Released Party shall commence, prosecute, pursue or litigate any action or Claim for contractual or other indemnity or contribution against any Non-Settling Defendant based upon the Released Claims, whether as claims, cross-claims, counterclaims or third-party claims, whether asserted in the Complaint in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere.

33.  If the Settlement is terminated or cancelled or fails to become effective for any reason, in accordance with the terms of the Stipulation, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the provisions of paragraphs 30 and 31 of the Stipulation shall apply.

34.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Stipulation.

35.  The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof and all proceedings arising out of or related to the Stipulation and/or the Settlement.

SO ORDERED:

Dated: ~~May 2~~, 2007
New York, New York

_____
Richard Owen
United States District Judge

17