UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

In re DORAL FINANCIAL CORP.
SECURITIES LITIGATION

05 MD 1706 (RO)

This paper pertains to ALL ACTIONS

----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/07
```

[~~PROPOSED~~] ORDER

On the motion of defendant Doral Financial Corporation ("Doral") for an order enforcing the terms of this Court's order entered on May 2, 2007, granting preliminary approval to the Stipulation and Agreement of Partial Settlement of April 27, 2007 (the "Settlement"), and based on the pleadings and papers of record and the arguments of counsel, it is hereby

**ORDERED** that:

1. Doral Shareholders Todd Augenbaum ("Augenbaum") and Laurence D. Paskowitz SEP IRA ("Paskowitz") are hereby ordered to suspend and take no action to prosecute their separate lawsuits *which were filed subsequent to and in specific violation of This Court's prior order of May 2nd 2007* against Doral and others in New York state court, Index Nos. 650156/2007 and 601861/2007 respectively, pending this Court's consideration of final approval of the Settlement; and

2. Augenbaum and Paskowitz are hereby ordered to ensure that the defendants in the above-referenced lawsuits are relieved from any and all requirements and deadlines to take

action of any and all kinds in the lawsuits pending this Court's consideration of final approval of the Settlement; and

      3. Should this Court approve the Settlement and enter final judgment pursuant to the Settlement on substantially the terms provided in Ex. E to the Stipulation, Augenbaum and Paskowitz are hereby ordered to dismiss the above-referenced lawsuits with prejudice; and

      4. Pending this Court's consideration of final approval of the Settlement, all Doral Shareholders are prohibited from commencing, prosecuting, pursuing, and litigating any Released Claim against any Defendant Released Party, whether directly, representatively, or in any other capacity, including without limitation any Claim arising from or relating to a Refinancing Transaction, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum in the United States or elsewhere; and

      5. Capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Stipulation; and

      6. This Order shall take effect upon issuance, subject to the right of any adversely affected person to seek relief from it pursuant to motion on notice.

Entered this __12__ day of June 2007.

                                                                     Hon. Richard Owen
                                                                       United States District Judge